[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE SPECIAL DEFENSE AND COUNTERCLAIM
On December 17, 1990, the original plaintiff, Citytrust, filed single count complaint against the defendants, John F. Keegan, III, Kenneth Burton, and Milford River Associates.
The plaintiff alleges that on July 1, 1990, Keegan defaulted on a promissory note for $266,000, plus interest. The note was allegedly secured by a mortgage on property known as Unit 232, Caswell Cove Condominiums, Milford, Connecticut, on Dock No. D, Unit 20 of Caswell Cove Marina.
The plaintiff also alleges that Burton and Milford River CT Page 2005 Associates claim subordinate interests in the mortgaged premises.
Plaintiff seeks a foreclosure and possession of the mortgaged premises, and damages.
On February 25, 1991, defendant Keegan filed an answer, two special defenses, and a two count counterclaim.
In his first special defense, Keegan alleges that the plaintiff is attempting to accelerate the note without complying with the conditions precedent to acceleration as required by the note.
In his second special defense, Keegan appears to allege that plaintiff Citytrust had unclean hands, in that the plaintiff breached an oral agreement to transfer the mortgage on Dock No. D to another dock. Keegan alleges that no transfer occurred, but the sum Keegan paid for the transfer was not reimbursed to him.
In count one of the counterclaim, Keegan alleges that the plaintiff owes him the funds paid for the mortgage transfer that was orally agreed to but never took place.
In count two of the counterclaim, Keegan alleges that the failure of the plaintiff to reimburse him for the proposed transfer, which was orally agreed to, is a deceptive act or practice. Keegan alleges that such an act is a violation of the Connecticut Unfair Trade Practices Act. ("CUTPA").
On November 15, 1991, the Federal Deposit Insurance Corporation ("FDIC") filed a motion to be substituted as party plaintiff, since it had been appointed receiver of the insolvent Citytrust. The motion was granted by the court, Sequino, J., on December 2, 1991.
On December 23, 1991, the FDIC moved to strike defendant Keegan's second special defense and both counts of his counterclaim on the grounds that the defendant's allegations are legally insufficient.
Specifically, the plaintiff FDIC contends that Title12, sections 1821 and 1823 of the United States Code Annotated ("U.S.C.A.") exempt the FDIC as receiver from defendant Keegan's claims and allegations. Plaintiff has filed a memorandum of law in support of its motion. On December 30, 1991, defendant Keegan filed a memorandum in opposition. The other defendants are not parties to this motion.
 Whenever a party wishes to contest (1) the legal sufficiency of the allegations of any complaint, CT Page 2006 counterclaim or cross-claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.
Practice Book 152.
12 U.S.C.A. 1821(d) provides, in relevant part:
(3) Authority of receiver to determine claims
(A) In general
The Corporation may, as receiver, determine claims in accordance with the requirements of this subsection. . .
(B) Notice Requirements
The receiver, in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall —
 (i) promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice which shall be not less than 90 days after the publication of such notice; and
 (ii) republish such notice approximately 1 month and 2 months, respectively, after the publication under clause (i).
(C) Mailing Required
The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books —
 (i) at the creditor's last address appearing in such books; or
 (ii) upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.
(5) Procedures for determination of claims CT Page 2007
(A) Determination period
(i) In general
Before the end of the 180 day rule period beginning on the date any claim against a depository institution is filed with the Corporation as receiver, the Corporation shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim. . .
(C) Disallowance of claims filed after end of filing period
(i) In general . . .
 [c]laims filed after the date specified in the notice published under paragraph (3)(B)(i) shall be disallowed and such disallowance shall be final.
12 U.S.C.A. 1823(e) provides:
(e) Agreements against interests of Corporation
 No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement —
(1) is in writing,
(2) was executed by the depository institution and any persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee,
(4) has been, continuously, from the time of its execution, an official record of the depository institution.
The plaintiff argues that 12 U.S.C.A. 1821(1) [sic d] provides for a detailed claims procedure, following the FDIC takeover of an insolvent institution, for any claims against the institution. The plaintiff also argues that it complied with all the regulations as outlined in 1821(d), but the defendant failed to submit his claims within the time limits specified in the notice. CT Page 2008 Thus, plaintiff argues, the claim is disallowed, pursuant to12 U.S.C.A. 1821(d)(5)(C), supra.
Furthermore, the plaintiff argues that 1823(e) bars any claims based upon an oral agreement, which the defendant alleges is the basis for his second special defense and both counts of his counterclaim.
The Court finds no Connecticut cases on point with the instant case. Several federal cases support the FDIC's second argument. See FDIC v. Kasal, 913 F.2d 487 (8th Cir. 1990); Bell Murphy and Associates, Inc. v. Interfirst Bank Gateway, N.A., 894 F.2d 750
(5th Cir. 1990); FDIC v. Newhart, 892 F.2d 47 (8th Cir. 1989); (all holding that alleged oral agreements are invalid as against the FDIC as receiver of an insolvent bank).
Therefore, pursuant to 12 U.S.C.A. 1823, the defendant is barred from defending or counterclaiming in an action brought by the FDIC as receiver, based upon an alleged oral agreement. Accordingly, the plaintiff's motion to strike is granted.
THE COURT, CURRAN, JUDGE